# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBORAH RINGO, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| v. ) | 1:21-cv-00995-WMR |
| ) | |
| MARDI GRAS MANAGEMENT, INC., ) | JURY TRIAL DEMANDED |
| MICHAEL W. FULTON, AND RICK ) | |
| PEFFER, ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff Deborah Ringo ("Plaintiff") and Defendants Mardi Gras Management, Inc. and Michael Fulton (collectively, "Defendants")[1] file this motion seeking approval of a settlement reached between Plaintiff and Defendants (collectively, the "Parties"). This motion is also based upon the record of this case and the proceedings herein.

The Parties jointly request that the Court enter an Order approving the settlement reached between the Parties as a fair resolution of their bona fide dispute regarding the amount Plaintiff is entitled to under the FLSA. The Parties' settlement is a product of arm's-length negotiations between the Parties and their experienced

---

[1] Named Defendant Rick Peffer has not been served and has not appeared in this case.

counsel. The Parties respectfully submit that the settlement is fair, reasonable, and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the settlement.

## I.     BACKGROUND

On March 10, 2021, Plaintiff filed a Complaint [Doc. 1] alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as most recently amended by Plaintiff's Second Amended Collective Action Complaint [Doc. 17] (as amended, the "Complaint"). Defendant Mardi Gras Management, Inc. filed an answer to the Complaint on July 28, 2021 [Doc. 18], and Defendant Michael Fulton filed an answer on December 7, 2021.  At the time of filing its answer, Defendant Mardi Gras Management, Inc. also asserted counterclaims against Plaintiff for money had and received, unjust enrichment, and breach of contract.

Plaintiff alleged in her Complaint that she worked for Defendants from 2016 until September 2018.  Plaintiff contends that Defendants violated the FLSA by failing to pay her minimum wages and overtime wages.  Defendant Mardi Gras Management, Inc. acknowledges that Plaintiff worked for it, but contends that Plaintiff was not an "employee" within the meaning of the FLSA and is therefore not protected by the FLSA.  Even if she were an "employee," Defendants contend that any claim under the FLSA would be barred by applicable statutes of limitations

because more than two years had passed since Plaintiff worked at Mardi Gras Management, Inc.'s premises. Further, even if Plaintiff could establish that Defendants acted in bad faith sufficient to extend the statute of limitations an additional year, Defendant contends that Plaintiff was paid $9,760.00 from service charges pursuant to 29 C.F.R. § 531.55 in 2018, such that her actual compensation exceeded any minimum wage or overtime obligations to which Plaintiff might have been entitled if she were a statutory employee. Defendant Mardi Gras Management, Inc.'s counterclaims seek a return of those service charges in the event Plaintiff is reclassified as an employee.

During the pendency of this case, the parties have engaged in arms-length negotiations. Through these negotiations, the Parties have reached the settlement outlined herein. As further set out below, the Parties state and agree that the terms and conditions of this settlement are fair, reasonable, and in the best interest of the Parties.

## II.     Argument and Citation of Authority

A. Legal Standards

The Court must scrutinize the compromise of an FLSA action for fairness. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S. Dep't of*

*Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### B. The Settlement is a Fair, Just, and Reasonable Compromise of Disputed Claims.

As set forth in the Settlement Agreement, Waiver and Release attached hereto, the Parties propose to settle this litigation for the total sum of $5,000, including $2,500.00 payable to Plaintiff and $2,500.00 payable to Plaintiff's counsel. The Parties have agreed to resolve this case because the settlement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is far better than the uncertain outcome of a lengthy trial.

If Plaintiff was successful on its claims, Defendants could be held liable for minimum wages and any overtime wages which Plaintiff could prove were owed at trial. While Plaintiff's Complaint does not allege specifically the damages she seeks, Defendant Mardi Gras Management, Inc.'s records show that Plaintiff worked no more than 593 hours during the relevant time period, such that her potential claim for minimum wages would be approximately $4,299.25. Defendants could also be held liable for Plaintiff's attorneys' fees in this case. Even if Plaintiff were successful in her claims, Defendant Mardi Gras Management, Inc.'s counterclaim could also be successful, resulting in an award of up to $9,760.00. If Plaintiff were not successful, she would be faced with no recovery of any kind, could have to pay certain costs, and could still face liability on Defendant Mardi Gras Management, Inc.'s counterclaims.

In reaching this settlement, the Parties gave due consideration to the fact that the range of possible awards for hourly compensation is relatively small. Moreover, the business at issue has closed and Plaintiff's ability to collect any potential judgment is uncertain.

The settlement amount is fair and reasonable because Plaintiff will receive approximately 58% of her potential minimum wage claim, while avoiding the risks of litigation, including Defendant's counterclaim and the possibility that Plaintiff will be unsuccessful. Moreover, Plaintiff will avoid the risks and costs inherent in collection of any potential judgment. Although Plaintiff contends that she is entitled to more, she acknowledges the risks and uncertainties of further litigation and, in particular, the difficulty in proving her potential damages.

In light of these facts, the uncertainty of trial, the fact that Mardi Gras Management, Inc. is no longer in business, and the potential counterclaims and costs Plaintiff may face if this case is not settled, the Parties believe that the settlement is fair and reasonable. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *Lynn*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Moreover, the endorsement of the settlement by counsel for the Parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel

for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of Plaintiff's factual contentions and the evidence supporting same and is in the best position to evaluate whether this settlement produces fair results after consideration of risks. Plaintiff's counsel has concluded that Plaintiff's settlement with Defendants is fair, reasonable, adequate, and in the best interest of Plaintiff.

The Court should also approve the settlement because the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through negotiations between their respective counsel.  Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel vigorously represented their clients' interests.

Lastly, the Parties submit that the total amount of $2,500 in attorney's fees and expenses to be paid to Plaintiff's counsel is reasonable given the amount of time and effort expended on this case.  The expense included in the amount sought is the filing fee of the Complaint at $400.  *See Giagnacovo v. Covanta Environmental Solutions*,

2020 WL 1974400, *3 (S.D. Ga. 2020) (finding recovery of $400 filing fee reasonable). The remaining $2,100 represents attorney's fees. In order to settle this matter, Plaintiff's counsel agreed to substantially reduce her fees and deduct over ten hours of time worked. Based upon Plaintiff's counsel's experience in handling FLSA cases in the Northern District of Georgia, Defendant does not object to an hourly rate of $450. Therefore, a settlement of attorney's fees of $2,100 represents just 4.66 hours of work.

In determining an objective estimate of the value of a lawyer's services, this Court must multiply those hours reasonably expended by a reasonable hourly rate, or compute the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Kenny A. ex rei. Winn v. Perdue*, 547 F.3d 1319 (11th Cir. 2008). There is a "strong presumption that the lodestar reflects a reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 380 Fed. Appx. 888, 891 (11th Cir. Fla. 2010) (internal quotations omitted); *Webster Greenthumb Co. v. Fulton Cty.*, 112 F.2d 1339, 1349 (N.D.Ga. 2000). Courts have determined that "compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigation the request for attorney's fees." *Weissinger, et al v. Murray*,

2009 WL 1971612, *6 (N.D.Ga. July 2, 2009).

Counsel's certification that the work itemized has, in fact, been performed is "entitled to considerable weight on the issue of time required …." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).  In fact, because counsel's certification is of such importance, in order for the time to be reduced, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Id.*  Furthermore, "[t]he court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to the reasonableness of the fee request." *Carroll v. ATA Retail Servs., Inc.*, No. 1:14-cv-00747-ELR, 2017 WL 11113320, at *16 (N.D. Ga. July 25, 2017), aff'd, 747 F. App'x 762 (11th Cir. 2018) (quoting *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014).

Here, Plaintiff's counsel certifies that she maintained contemporaneously recorded hourly records showing time worked, including time expended drafting the Complaint, First Amended Complaint, and Second Amended Complaint, participating in the drafting of the Joint Preliminary Report and Discovery Plan, and preparing initial disclosures.  Plaintiff's counsel also prepared and served written discovery requests, negotiated with Defendants' counsel, and participated in the drafting of these

settlement documents. Plaintiff's counsel further submits that she did not perform any redundant, excessive, or otherwise unnecessary work in the representation and that all of the work performed was reasonably necessary to properly represent Plaintiff.

### III.   Conclusion

The settlement in this case is the product of highly-contested litigation, Plaintiff is represented by competent and experienced counsel, and the settlement reflects a reasonable compromise over disputed issues. The Parties therefore respectfully submit that the settlement is fair and reasonable and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of their settlement.

For these reasons, the Parties respectfully request that this Court approve Plaintiff's settlement and administratively close this case until Plaintiff receives the full settlement payment from Defendants. On or before 30 days after the settlement payment is received, the Parties will file a stipulation of dismissal with prejudice or a status report regarding the settlement, with the right of any party to reopen the case if the settlement is not consummated.

This the 4th day of February, 2022.

*/s/ John A. Christy*
JOHN A. CHRISTY
Georgia Bar No. 125518
JONATHAN A. AKINS
Georgia Bar No. 472453
Schreeder, Wheeler & Flint, LLP

1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
Email:  jchristy@swfllp.com

*Attorneys for Defendant Mardi Gras Management, Inc.*


By: /s/Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

**MARTIN & MARTIN, LLP**
Post Office Box 1070
Tucker, Georgia 30085-10170
Telephone 404.313.5538

*Attorneys for Plaintiff Deborah Ringo*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all parties and attorneys of record:

This the 4th day of February, 2022.

*/s/ Kimberly N. Martin*
Kimberly N. Martin
Georgia Bar No. 473410
*Attorney for Plaintiff*